# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Wells Fargo Bank, N.A.<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SFR Investments Pool 1, LLC et al<br><br>　　　　　　　　　　　Defendant. | Case No.: 2:15-cv-00813-RFB-CWH<br><br>**ORDER**<br>**STAYING CASE** |

## I.  Introduction

On August 12, 2016, the Ninth Circuit issued its decision in <u>Bourne Valley Court Trust v. Wells Fargo Bank</u>, 2016 WL 4254983 (9th Cir. Aug. 12, 2016).  In this decision, the Ninth Circuit declared Nevada's nonjudicial statutory foreclosure framework under Chapter 116 unconstitutional under the Due Process clause of the United States Constitution.  The mandate for this decision has yet to issue.  The Appellee has indicated that it will be seeking a rehearing *en banc* before the Ninth Circuit.

The Ninth Circuit's ultimate resolution of this issue may have a dispositive effect upon this litigation, since a due process challenge has been raised in this litigation.  To avoid potentially unnecessary further litigation, this Court stays this case pending the issuance of the mandate in <u>Bourne</u>.  This Court further denies all motions without prejudice to being refiled upon a lifting of the stay in this case.

## II. Discussion

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. Landis v. North American Co., 299 U.S. 248, 254–55 (1936). When determining whether a stay is appropriate pending the resolution of another case, the district court must consider: (1) the possible damage that may result from a stay, (2) any hardship or inequity that a party may suffer if required to go forward, (3) and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that a stay will engender. Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007)(citations omitted).  Considering these factors in the context of this case, the Court finds that a stay is appropriate.

### A. Damage From A Stay

The Court finds there is minimal, if any, damage from a stay in this case.  While there is a potential damage in terms of the length of time to resolve this case should the Bourne panel's decision be upheld, the significance or severity of this damage is negated by the fact that there almost certainly would have been a full appellate process even if the decision had reached the opposite result.  This is to say that the appellate process would have had run its course for either side to have the finality it seeks to have clear or encumbered title to the respective property involved.

### B. Hardship Or Inequity

The Court finds that there is no significant hardship or inequity that befalls one party more than the other.  This relatively equal balance of equities results from the need, as noted above, for both parties to have finality in the appellate process in order to claim their title or interest in the respective property.

The Court also finds that there would an equal hardship on both parties in terms of resources expended if the Court did not stay this litigation.  This hardship would arise from the various

motions and supporting briefs the parties would file to preserve their respective legal positions regarding the panel's decision in <u>Bourne</u>.  By staying this case, the Court prevents this hardship or expenditure for both parties.

### C. Orderly Course of Justice

The Court finds that a stay would substantially promote the orderly course of justice in this case.  The stay and the temporary denial of motions without prejudice will avoid the likely deluge of the various motions related to the precedent established (or not) by the split panel's decision <u>Bourne</u>.  Upon an issuance of the mandate in <u>Bourne</u>, this Court will be in a position to completely and finally resolve the constitutional issues related to <u>Bourne</u> in this case.  This will streamline and simply the proceedings and minimize the unnecessary expenditure of the parties' and the Court's time and resources.

Additionally, the stay will last no longer than it takes for the mandate to issue in <u>Bourne</u>.  In this way, the stay will be as short as it can be and still provide finality on the particular constitutional issues.  Granted this may not necessarily be a short period of time.  However, as noted previously, the parties would likely have had to wait this same time for finality in any event.

### III. Conclusion

**IT IS THEREFORE ORDERED** that this case is administratively STAYED.  Once the Ninth Circuit issues the mandate in <u>Bourne Valley Court Trust v. Wells Fargo Bank</u>, case number 15-15233 (2:13-cv-649-PMP-NJK), any party may move to lift the stay.

**IT IS FURTHER ORDERED** that all pending motions are DENIED without prejudice to their refiling within 20 days after the stay is lifted.

Dated this 22nd day of August, 2016.

_____
RICHARD F. BOULWARE, II
United States District Court Judge